SHAW, Judge.
On April 6, 1978, while making a routine license inspection of appellant’s stores, a beverage agent found and confiscated a number of items which he determined to be illegal fireworks. The appellant was given a written reprimand and appeals the agency action on grounds that the selling of the items is not illegal because they do not fit within the definition of illegal fireworks under Chapter 791, Florida Statutes (1977). Appellant further contends that the statute is so vague as to be an unconstitutional delegation of legislative power to an agency-
The pertinent statute reads as follows:
791.01 “Fireworks” defined.-
(1) The term “fireworks” shall mean and include any combustible or explosive composition, or any substance or combination of substances, or, except as hereinafter provided, any article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, defla-gration or detonation, and shall include blank cartridges and toy cannons in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, roman candles, daygo bombs, and any fireworks containing any explosives or flammable compound or any tablets or other device containing any explosive substance.
(2) The term “fireworks” shall not include sparklers, toy pistols, toy canes, toy guns, or other devices in which paper caps containing twenty-five hundredths grains or less of explosive compound are used, providing they are so constructed that the hand cannot come in contact with the cap when in place for the explosion, and toy pistol paper caps which contain less than twenty hundredths grains of explosive mixture, the sale and use of which shall be permitted at all times.
The hearing officer found that for the purposes of Chapter 791, the term “fireworks” means and includes any item prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation. The challenged finding of the hearing officer is in accord with legislative intent and no error has *1246 been shown in agency action adopting the hearing officer’s recommendation. When words of common usage appear in a statute they should be construed in their ordinary sense. Pedersen v. Green, 105 So.2d 1 (Fla. 1958). We do not find the statute so vague or overbroad as to leave in doubt the legislative proscription. We, therefore, reject the appellant’s “due process” challenge to the delegation of legislative authority to the Division of Alcoholic Beverages and Tobacco. The Division’s final order accepting the hearing officer’s recommended penalty is affirmed.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.